Díaz, Plaintiff and Appellant, v. Joglar, Defendant and Appellee.

Appeal from the First District Court of San Juan in an Action of Denial of Servitude.

No. 2627.—Decided December 21, 1923.

Servitude—Denial of Servitude—Title—Description of Property.—It can not be concluded that the plaintiff in an action of denial of servitude failed to prove his title to the lot on which the house is situated and also to the strip of land which separates it from that of the defendant, when the evidence shows that plaintiff's house and lot are recorded in his name in the registry and also possession and use of the said strip of land by the plaintiff and his successors in interest. The mere fact that the plaintiff's title papers do not specify the dimensions of the lot does not invalidate the title.

The facts are stated in the opinion.

Messrs. Juan de Guzmán Benítez and R. Ortiz Pacheco for the appellant.

Mr. J. .G. Torres for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit to compel defendant to close a number of windows opening upon, and certain drains discharging into, plaintiff's court-yard.

The case, as presented and decided in the court below and submitted on appeal, turns upon the question of ownership by plaintiff of the lot upon which plaintiff's house stands, including a strip of land some two meters in width between the building owned by plaintiff and that belonging to defendant.

After a trial upon the merits the action was dismissed by the district court upon facts found as follows:

"After trying the case, hearing the evidence and making an ocular inspection, the court is of the opinion that the plaintiff has

not proved that he owns the lot on which his house is built and that therefore he has no cause of action.

"For the purpose of establishing his ownership plaintiff, among other things, presented a copy of the instrument dissolving the mercantile firm of Díaz Sobrino dated May 27, 1909, in the fifth paragraph whereof the house is described by metes and bounds and said to be built on a lot who'se boundaries, but not its dimensions, are given.

"A certificate from the registrar of property is also presented attesting to the record of the house and the dimensions thereof as well as of the lot and its boundaries. This description does not clearly show the dimensions of the lot, but, *per contra,* it appears that the Treasurer of Porto certifies:

"That according to property tax schedule No. 295 for the fiscal year 1912-1913, duly sworn to by Ramón Díaz on January 15. 1912, before the assessor of the department, A. W. Fernández, the said Díaz claimed that he owned at No. 58 Comercio 'street, Río Piedras, and on a lot belonging to the municipality a stone building with brick roofing, the main section of which is of one story with a T extension, of two stories.

"That this Department having directed, pursuant to Act No. 40 of March 7, 1912, the appraisement of the lots belonging to municipalities, Ramón Díaz González submitted as corresponding to the fiscal year of 1913-1914 tax schedule No. 388, duly verified on January 18, 1913, before appraiser Luis R. Cerra, in which he claims to be the owner of a house at No. 62 Comercio street, described as in the preceding paragraph and situated on a lot comprising 517.672 'square meters belonging to the Municipality of Río Piedras.

"That upon making a general revaluation of the property in keeping with Joint Resolution No. 19 of April 13, 1916, the said Ramón Díaz González presented schedule No. 572 as corresponding to the fiscal year 1917-1918, which was duly verified on July 27, 1916, before appraiser Juan Silva Negrón of this department, wherein he claims to be the owner of a house situated at No. 65 Comercio street (now Muñoz Rivera street), facing Oriente street, and bearing the same description as given in former schedule's, the house being built on a lot of the Municipality of Río Piedras.

"That in the levy of taxes on property in Río Piedras for the fiscal year 1919-1920 the said house still appears in the name of the same taxpayer, as shown by tax receipt No. 587, and a's erected on a lot of the municipality of Río Piedras.

"In witness whereof, upon petition of José G. Torres, I issue this certificate under the official seal of this Department in San Juan, Porto Rico, this 22nd day of October, 1919.—Internal revenue stamps cancelled to amount of $1.00. (sd.) José E. Benedicto, Treasurer of Porto Rico."

"Under these circumstances, we are constrained to hold that after considering the case as a whole and the result of the evidence, the plaintiff has not established his ownership of the lot."

The instrument of dissolution referred to by the trial judge purported a conveyance to plaintiff of the house and lot described therein, and was duly recorded in the registry of property.

The title to both house and lot had been of record in the registry of property since 1885 and for more than 20 years, under a decree of possessory ownership and subsequent conveyances, before it was converted by a later judicial decree into a dominion title. The testimony shows continued possession and use by plaintiff and his predecessors in interest of the strip between the two houses as a means of ingress and egress to and from a stairway leading to the upper story of plaintiff's house. The recorded title calls for defendant's house as the northern boundary of plaintiff's property. The mere fact that plaintiff's title papers do not specify the dimensions of the lot does not invalidate the title.

The statements made in rendering the property for taxes were explained by plaintiff. If that explanation was not accepted as true by the court below, still these admissions are not enough to destroy a recorded title supplemented by possession, as owner, for more than thirty years. Plaintiff was not on trial for perjury or for defrauding the Insular Government of its revenue. His property may be back assessed or he may be prosecuted, perhaps, for any offense that he may have committed, but no forfeiture of his property or right of action is involved herein.

The admissions were pertinent, no doubt, as affecting the credibility of plaintiff as a witness, or as showing a

certain inconsistency of conduct, but they do not amount to an estoppel as between plaintiff and defendant herein. Wigmore, 2nd Ed., p. 516, sec. 1037.

We cannot concur, therefore, in the view that plaintiff failed to show ownership of the lot, including the strip between the two houses. The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.